# CANON 4

A MAGISTERIAL DISTRICT JUDGE OR CANDIDATE FOR JUDICIAL OFFICE SHALL NOT ENGAGE IN POLITICAL OR CAMPAIGN ACTIVITY THAT IS INCONSISTENT WITH THE INDEPENDENCE, INTEGRITY, OR IMPARTIALITY OF THE JUDICIARY.

RULE 4.1
*Political and Campaign Activities of Magisterial District Judges and Judicial Candidates in General*

(A) Except as permitted by Rules 4.2, 4.3, and 4.4, a magisterial district judge or a judicial candidate shall not:

(1) act as a leader in, or hold an office in, a political organization;

(2) make speeches on behalf of a political organization or a candidate for any public office;

(3) publicly endorse or publicly oppose a candidate for any public office;

(4) solicit funds for, pay an assessment to, or make a contribution to a political organization or a candidate for public office;

(5) attend or purchase tickets for dinners or other events sponsored by a political organization or a candidate for public office;

(6) use or permit the use of campaign contributions for the private benefit of the judge or others;

**(7) personally solicit or accept campaign contributions other than through a campaign committee authorized by Rule 4.4;**

[(7)]**(8)** use court staff, facilities, or other court resources in a campaign for judicial office;

[(8)]**(9)** knowingly or with reckless disregard for the truth make any false or misleading statement;

[(9)]**(10)** make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending in any court;

[(10)]**(11)** engage in any political activity on behalf of a political organization or candidate for public office except on behalf of measures to improve the law, the legal system, or the administration of justice; or

1

**[(11)](12)** in connection with cases, controversies or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

(B) A magisterial district judge or judicial candidate shall take reasonable measures to ensure that other persons do not undertake, on behalf of the magisterial district judge or judicial candidate, any activities prohibited under paragraph (A).

COMMENT:

GENERAL CONSIDERATIONS

[1] Even when subject to public election, a magisterial district judge plays a role different from that of a legislator or executive branch official. Rather than making decisions based upon the expressed views or preferences of the electorate, a magisterial district judge makes decisions based upon the law and the facts of every case. Therefore, in furtherance of this interest, magisterial district judges and judicial candidates must, to the extent reasonably possible, be free and appear to be free from political influence and political pressure. This Canon imposes narrowly tailored restrictions upon the political and campaign activities of all magisterial district judges and judicial candidates, taking into account the various methods of selecting magisterial district judges.

[2] When a person becomes a judicial candidate, this Canon becomes applicable to his or her conduct. These Rules do not prohibit candidates from campaigning on their own behalf, from endorsing or opposing candidates for the same judicial office for which they are a candidate, or from endorsing candidates for another elective judicial office appearing on the same ballot. See Rules 4.2(B)(2) and 4.2(B)(3). Candidates do not publicly endorse another candidate for public office by having their name on the same ticket.

PARTICIPATION IN POLITICAL ACTIVITIES

[3] Public confidence in the independence and impartiality of the judiciary is eroded if judges or judicial candidates are perceived to be subject to political influence. Although magisterial district judges and judicial candidates may register to vote as members of a political party, they are prohibited by paragraph (A)(1) from assuming leadership roles in political organizations.

[4] Paragraphs (A)(2) and (A)(3) prohibit magisterial district judges from making speeches on behalf of political organizations or publicly endorsing or opposing candidates for public office, respectively, to prevent them from abusing the prestige of judicial office to advance the interests of others. See Rule 1.3.

[5] Although members of the families of magisterial district judges and judicial candidates are free to engage in their own political activity, including becoming a candidate for public office, there is no "family exception" to the prohibition in Rule 4.1(A)(3) against a magisterial district judge or candidate publicly endorsing candidates for public office. A

2

magisterial district judge or judicial candidate must not become involved in, or publicly associated with, a family member's political activity or campaign for public office. To avoid public misunderstanding, magisterial district judges and judicial candidates should take, and should urge members of their families to take, reasonable steps to avoid any implication that they endorse any family member's candidacy or other political activity.

[6] Magisterial district judges and judicial candidates retain the right to participate in the political process as voters in both primary and general elections.

PLEDGES, PROMISES, OR COMMITMENTS INCONSISTENT WITH IMPARTIAL PERFORMANCE OF THE ADJUDICATIVE DUTIES OF JUDICIAL OFFICE

[7] The role of a magisterial district judge is different from that of a legislator or executive branch official, even when the magisterial district judge is subject to public election. Campaigns for judicial office must be conducted differently from campaigns for other offices. The narrowly drafted restrictions upon political and campaign activities of judicial candidates provided in Canon 4 allow candidates to conduct campaigns that provide voters with sufficient information to permit them to distinguish between candidates and make informed electoral choices.

[8] Rule 4.1(A)**[(11)](12)** makes applicable to both magisterial district judges and judicial candidates the prohibition that applies to magisterial district judges in Rule 2.10(B), relating to pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

[9] The making of a pledge, promise, or commitment is not dependent upon, or limited to, the use of any specific words or phrases; instead, the totality of the statement must be examined to determine whether the candidate for judicial office has specifically undertaken to reach a particular result. Pledges, promises, or commitments must be contrasted with statements or announcements of personal views on legal, political, or other issues, which are not prohibited. When making such statements, a magisterial district judge should acknowledge the overarching judicial obligation to apply and uphold the law, without regard to his or her personal views.

[10] A judicial candidate may make campaign promises related to judicial organization, administration, and court management, such as a promise to dispose of a backlog of cases, start court sessions on time, or avoid favoritism in appointments and hiring. A candidate may also pledge to take action outside the courtroom, such as advocating for more funds to improve the physical plant and amenities of the courthouse.

[11] Judicial candidates may receive questionnaires or requests for interviews from the media and from issue advocacy or other community organizations that seek to learn their views on disputed or controversial legal or political issues. Paragraph (A)**[(11)](12)** does not specifically address judicial responses to such inquiries. Depending upon the wording and format of such questionnaires, candidates' responses might be viewed as pledges, promises, or commitments to perform the adjudicative duties of office other than in an impartial way. To avoid violating paragraph (A)**[(11)](12)**, therefore, candidates who respond to media and other

3

inquiries should also give assurances that they will keep an open mind and will carry out their adjudicative duties faithfully and impartially if elected. Candidates who do not respond may state their reasons for not responding, such as the danger that answering might be perceived by a reasonable person as undermining a successful candidate's independence or impartiality, or that it might lead to frequent disqualification. See Rule 2.11.

RULE 4.2
*Political and Campaign Activities of Judicial Candidates in Public Elections*

(A) A judicial candidate in a public election shall:

     (1)   act at all times in a manner consistent with the independence, integrity, and impartiality of the judiciary;

     (2)   comply with all applicable election, election campaign, and election campaign fundraising laws and regulations of this jurisdiction;

     (3)   review and approve the content of all campaign statements and materials produced by the candidate or his or her campaign committee, as authorized by Rule 4.4, before their dissemination; and

     (4)   take reasonable measures to ensure that other persons do not undertake on behalf of the candidate activities, other than those described in Rule 4.4, that the candidate is prohibited from doing by this Rule.

(B) A candidate for elective judicial office may, unless prohibited by law, and not earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office:

     (1) establish a campaign committee pursuant to the provisions of Rule 4.4;

     (2) speak on behalf of his or her candidacy through any medium, including but not limited to advertisements, websites, or other campaign literature;

     (3) publicly endorse or speak on behalf of, or publicly oppose or speak in opposition to, candidates for the same judicial office for which he or she is a judicial candidate, or publicly endorse or speak on behalf of candidates for any other elective judicial office appearing on the same ballot;

     (4) attend or purchase tickets for dinners or other events sponsored by a political organization or a candidate for public office;

     (5) seek, accept, or use endorsements from any person or organization;

     (6) contribute to a political organization or candidate for public office;

(7) identify himself or herself as a member or candidate of a political organization; and

(8) use court facilities for the purpose of taking photographs, videos, or other visuals for campaign purposes to the extent such facilities are available on an equal basis to other candidates for such office.

(C) A magisterial district judge who is a candidate for elective judicial office shall not:

(1) use or permit the use of campaign contributions for the private benefit of the candidate or others;

(2) use court staff, facilities, or other court resources in a campaign for judicial office except that a magisterial district judge may use court facilities for the purpose of taking photographs, videos, or other visuals for campaign purposes to the extent such facilities are available on an equal basis for other candidates for such office;

(3) knowingly or with reckless disregard for the truth, make, or permit or encourage his or her campaign committee to make, any false or misleading statement;  or

(4) make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court.

COMMENT:

GENERAL CONSIDERATIONS

[1] Paragraphs (B) and (C) permit judicial candidates in public elections to engage in some political and campaign activities otherwise prohibited by Rule 4.1. Candidates may not engage in these activities earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office.

[2] Despite paragraph (B) and (C), judicial candidates for public election remain subject to many of the provisions of Rule 4.1. For example, a candidate continues to be prohibited from soliciting funds for a political organization, knowingly making false or misleading statements during a campaign, or making certain promises, pledges, or commitments related to future adjudicative duties. See Rule 4.1(A), paragraphs (4) and **[(11)](12)**, and Rule 4.2(C), paragraph (3).

[3] In public elections for judicial office, a candidate may be nominated by, affiliated with, or otherwise publicly identified or associated with a political organization, including a political party. This relationship may be maintained throughout the period of the public campaign, and may include use of political party or similar designations on campaign literature and on the ballot.

[4] Judicial candidates are permitted to attend or purchase tickets for dinners and other events sponsored by political organizations.

5

[5] For purposes of paragraph (B)(3), candidates are considered to be a candidate for the same judicial office if they are competing for a single judgeship or for one of several judgeships on the same court to be filled as a result of the election. In endorsing or opposing another candidate for a position on the same court, a judicial candidate must abide by the same rules governing campaign conduct and speech as apply to the candidate's own campaign.

STATEMENTS AND COMMENTS MADE DURING A CAMPAIGN FOR JUDICIAL OFFICE

[6] Judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees. Paragraph (C)(3) obligates candidates and their committees to refrain from making statements that are false or misleading, or that omit facts necessary to make the communication considered as a whole not materially misleading.

[7] Judicial candidates are sometimes the subject of false, misleading, or unfair allegations made by opposing candidates, third parties, or the media. For example, false or misleading statements might be made regarding the identity, present position, experience, qualifications, or judicial rulings of a candidate. In other situations, false or misleading allegations may be made that bear upon a candidate's integrity or fitness for judicial office. As long as the candidate does not violate paragraphs (C)(3) or (C)(4), or Rule 4.1, paragraph (A)**[(11)](12)**, the candidate may make a factually accurate public response. In addition, when an independent third party has made unwarranted attacks on a candidate's opponent, the candidate may disavow the attacks, and request the third party to cease and desist.

[8] Subject to paragraph (C)(4), a judicial candidate is permitted to respond directly to false, misleading, or unfair allegations made against him or her during a campaign, although it is preferable for someone else to respond if the allegations relate to a pending case.

[9] Paragraph (C)(5) prohibits judicial candidates from making comments that might impair the fairness of pending or impending judicial proceedings. This provision does not restrict arguments or statements to the court or jury by a lawyer who is a judicial candidate, or rulings, statements, or instructions by a judge that may appropriately affect the outcome of a matter.

RULE 4.3
*Activities of Candidates for Appointive Judicial Office*

A candidate for appointment to judicial office may:

(A) communicate with the appointing or confirming authority, including any selection, screening, or nominating commission or similar agency; and

(B) seek endorsements for the appointment from any person or organization.

When seeking support or endorsement, or when communicating directly with an appointing or confirming authority, a candidate for appointive judicial office must not make any pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office. See Rule 4.1(A)**[(11)](12)**.

RULE 4.4
*Campaign Committees*

(A) A judicial candidate subject to public election may establish a campaign committee to manage and conduct a campaign for the candidate, including seeking, accepting, and using endorsements from any person or organization, subject to the provisions of these Conduct Rules. The candidate shall take reasonable steps to cause his or her campaign committee to comply with applicable provisions of these Conduct Rules and other applicable law.

(B) A judicial candidate subject to public election shall take reasonable steps to cause the magisterial district judge's campaign committee:

(1) to solicit and accept only such campaign contributions as are permitted by law or Rule;

(2) not to solicit or accept contributions earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office, and all fundraising activities in connection with such judicial campaign shall terminate no later than the last calendar day of the year in which the judicial election is held; and

(3) to comply with all applicable statutory requirements for disclosure and divestiture of campaign contributions, and to file with the Secretary of the Commonwealth a report stating the name, address, occupation, and employer of each person who has made campaign contributions to the committee in an aggregate value exceeding $250 and the name and address of each person who has made campaign contributions to the committee in an aggregate value exceeding $50. The report must be filed not later than thirty days following an election, or within such other period as is provided by law.

COMMENT:

[1] Judicial candidates are prohibited from personally soliciting campaign contributions or personally accepting campaign contributions. **See Rule 4.1(A)(7).** This Rule recognizes that in Pennsylvania, judicial campaigns must raise campaign funds to support their candidates, and permits candidates, other than candidates for appointive judicial office, to establish campaign committees to solicit and accept reasonable financial contributions or in-kind contributions.

[2] Campaign committees may solicit, accept, and use campaign contributions and endorsements, and may generally conduct campaigns. Candidates are responsible for compliance with the requirements of election law and other applicable law, and for the activities of their campaign committees.

[3] At the start of a campaign, the candidate should instruct the campaign committee to solicit or accept only such contributions as are in conformity with applicable law. Although lawyers and others who might appear before a successful candidate for judicial office are permitted to make campaign contributions, the candidate should instruct his or her campaign committee to be especially cautious in connection with such contributions, so they do not create grounds for disqualification or recusal if the candidate is elected to judicial office. See Rule 2.11.